UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA MALLORY,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ODYSSEY HEALTHCARE OPERATING A, L. P., et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01624-DAD-JLT<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY ENTIRE ACTION PENDING MEDIATION**<br><br>(Doc. 18) |

**STIPULATION**

WHEREAS, Plaintiff Rebecca Mallory ("Plaintiff") filed a civil action against Defendant Odyssey Healthcare Operating A, L.P. ("Defendant Odyssey"), Defendant Kindred Healthcare Operating, LLC, Defendant Humana Inc., Defendant Gentiva Health Services (USA), and Defendant Gentiva Certified Healthcare Corp. (collectively, "Defendants") in California Superior Court for Kern County (Case No. BCV-19-102735) on September 25, 2019 (the "Action").

WHEREAS, on November 8, 2019, Defendants removed the Action to the United States District Court for the Eastern District of California (Case No. 19-cv-01624-DAD-JLT).

WHEREAS, on January 15, 2020, Plaintiff filed a stipulation to dismiss Defendant Kindred Healthcare Operating, LLC, Defendant Humana Inc., Defendant Gentiva Health Services (USA), and Defendant Gentiva Certified Healthcare Corp. from the Action without prejudice and, on January 23, 2020, the Court closed the Action as to these Defendants.

1

Stipulation and [Proposed] Order to Stay Entire Action Pending Mediation　　　Case No. 1:19-cv-01624-DAD-JLT

| | |
|---|---|
| 1 | WHEREAS, on January 28, 2020, Plaintiff served Requests for Production (Set One) and Special Interrogatories (Set One) on Defendant Odyssey (collectively, the "Parties"). |
| 3 | WHEREAS, on February 6, 2020, Plaintiff and Defendant Odyssey Healthcare Operating A, L.P. met and conferred and agreed to attend private mediation to resolve the Action; |
| 5 | WHEREAS, on February 23, 2020, Plaintiff and Defendant Odyssey Healthcare Operating A, L.P. agreed to stay the Action and all related discovery deadlines pending private mediation; |
| 8 | WHEREAS, mediation is scheduled to take place on September 10, 2020 with Mr. Jeff Ross, Esq. at his offices in Oakland, CA. |

1. THEREFORE, the Parties stipulate as follows: That the above-captioned case be stayed in its entirety while the Parties prepare for and engage in private mediation. This stay shall be effective February 23, 2020 and remain in place until fourteen (14) days after mediation (including any subsequent negotiations) is completed.

2. If the mediation is cancelled by either Party, or one of the parties determines that settlement discussions have ended, the stay shall be lifted. Notice of such cancellation of mediation or of the ending of settlement discussions shall be emailed to all counsel for the opposing parties. In this case, the stay shall be effective February 23, 2020 and remain in place until fourteen (14) days after such notice is sent.

3. If the Parties resolve the matter at mediation or subsequent to mediation, then the Plaintiff will file a Notice of Settlement and request a preliminary approval date, and request the stay be lifted for such purpose.

4. The Parties agree to attend mediation in good-faith and with the goal of resolving this case.

**IT IS SO STIPULATED.**

Dated: March 12, 2020                                JACKSON LEWIS P.C.

By:   /s/Hardev Chhokar
       Shannon B. Nakabayashi

|  |  |
|---|---|
| | Hardev Chhokar<br>Attorneys for Defendant<br>ODYSSEY HEALTHCARE OPERATING A, L. P. |
| Dated: March 12, 2020 | THE SPIVAK LAW FIRM |
| | By:   /s/Maralle Messrelian<br>David Spivak<br>Maralle Messrelian<br>Attorneys for Plaintiff REBECCA MALLORY |

### [~~PROPOSED~~ ORDER]

Based upon the parties' stipulation, the Court **ORDERS**:

1. That the above-captioned case be **STAYED** until completion of the mediation on September 10, 2020. Because there is no justification for making this stay effective from February 23, 2020[1], that request is **DENIED**;

2. **No later than September 24, 2020**, the parties **SHALL** file a joint report detailing the status of the matter and discussing whether the stay should be lifted;

3. The stipulation seems to suggest that a party may "back out" of the agreement to mediate. The Court is staying the action now and delaying the progress of this case **only** because the parties have committed to mediate. If a party has anything less than a full commitment to participating in mediation in good faith with the goal of resolving this case, that party **SHALL** alert the Court within 10 days so the Court may consider lifting the stay. **The parties and the attorneys should consider this their only opportunity for "safe harbor" under Rule 11**.

IT IS SO ORDERED.

   Dated: __**March 19, 2020**__            __**/s/ Jennifer L. Thurston**__
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] The mere fact that the parties agreed on that day to stay the action is of little moment, given they lack the authority to do so.